OSGOOD (GOODYEAR DENTAL VULCANITE CO. v.). See Case No. 5,594.

OSGOOD (JONES v.). See Case No. 7,487.

OSGOOD (LUSCOM v.). See Case No. 8,608.

OSGOOD (LUXOM v.). See Case No. 8,608.

## Case No. 10,605.

### OSGOOD et al. v. ROCKWOOD.

[11 Blatchf. 310;[1] Cox, Manual Trade-Mark Cas. 242.]

Circuit Court, S. D. New York.    Sept. 27, 1873.

TRADE-MARKS — PROTECTION AFFORDED BY ACT OF JULY 8, 1870—"HELIOTYPE."

1. The protection given by the 77th and 78th sections of the act of July 8, 1870 (16 Stat. 210, 211), to the use of a trade-mark, the recording of which in the patent office is therein provided for, is to the exclusive use of such trade-mark only so far as regards the particular description of goods set forth in the filed statement as the particular description of goods to or by which the trade-mark has been, or is intended to be, appropriated; and the prohibition is only against the use, by another, of substantially the same trade-mark on goods of substantially the same descriptive qualities as such particular description of goods set forth in such filed statement.

2. A statement filed by O. set forth that his trade-mark consisted of the word "Heliotype," "in connection with the production and publication of prints," and that "the particular article of trade" upon which he had used it was "the prints" which he designated as "Heliotype." Such prints were made by a process to which the name "Heliotype" was applied, and which was a process secured by letters patent of the United States, under which O. was the sole licensee. The defendant used the word "Heliotype" on prints published by him, but not made by such patented process: Held, that the right of O. to the recorded trade-mark was limited to its use on prints made by such patented process.

[This was a bill in equity by James R. Osgood and others against George G. Rockwood for the alleged unlawful use of a trade-mark. Heard on motion for a provisional injunction.]

Charles F. Blake, for plaintiffs.
Josiah P. Fitch, for defendant.

<hr />

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

BLATCHFORD, District Judge. The bill in this case alleges, that, before the 8th of December, 1869, one Ernest Edwards, of London, England, was the original and first inventor of certain improvements in the process of photographic printing; that he obtained four English patents for the same; that, afterwards, desiring to designate the process embodying his said inventions by a specific name not used or known before, or applied to any other process or art, he devised and invented the name "Heliotype," which name he applied to his said process, and printed the same upon impressions printed by his said process, and used the same as a trade-mark in the business and practice of the said inventions; that, after the issue of the said English patents, Edwards assigned all his interest in them and in the inventions secured by them, for Great Britain and for the United States, to the Heliotype Company, an English company, by virtue whereof the title to the said inventions for the United States, and the right to any patents which might be issued therefor in the United States, became vested in said company; that, afterwards, two letters patent of the United States, for said inventions, were issued to Edwards, assignor to the said company; that, prior to the issuing of the latter patents, the plaintiffs, by virtue of a contract made between them and the said company, became the sole and equitable owners of the said inventions for the United States, and the sole licensees to practice said inventions within the United States, and also became entitled to an assignment of the latter patents, when issued, from the said company; that said company are about to execute to the plaintiffs an assignment of all their interest in the latter patents; that the plaintiffs, desiring to designate the practice of the said inventions in the United States by the same name as that by which it is known and practiced in England, registered the word "Heliotype" in the patent office of the United States, according to the provisions of the statute in such case provided, and received a certificate of registration from the patent office, whereby the exclusive right to the use of the said word "Heliotype," as a trade-mark, was vested in the plaintiffs for the period of thirty years; that the defendant has infringed on the exclusive privilege granted by said certificate, by printing upon certain prints by him made, the word "Heliotype," which the plaintiffs charge to be substantially the same word as the word "Heliotype," and to be calculated to mislead purchasers and to cause them to believe that they are purchasing prints made by the practice of the said inventions of Edwards; that the defendant, in so doing, intends to deceive the public and to injure the plaintiffs; and that the defendants are greatly injured by such unlawful use of their trade-mark. The bill prays for an account of profits and damages and for an injunction.

The answer of the defendant admits that

he has imprinted the word "Heliotype" on certain prints or pictures made by him, but denies that, in so using that word, he had any intention, or that the same was calculated, to mislead purchasers or cause them to believe that they were purchasing prints made by the practice of the said inventions of Edwards, or that such prints were made by the plaintiffs.

The plaintiffs now move for a provisional injunction. They do not contend that the defendant employs the Edwards process or infringes the patents. On the contrary, the affidavit of one of the plaintiffs sets forth that their reputation is connected with the success of such process, "and will be liable to be injured if inferior reproductions by other processes," bearing what is known to the public as the plaintiffs' trade-mark, are allowed to go upon the market. The defendant, in an affidavit, sets forth, that he is a photographer, and has denominated the process by which his photographic prints are taken as a heliotype process, and has printed the following words on certain pictures made by him: "By Rockwood Photo-Engraving (Heliotype) Process;" that, by so doing, he did not intend to simulate or imitate the imprint of the plaintiffs, or to convey the idea that such pictures were made by the plaintiffs or came from their establishment, or were made by a process over which they had control, or which they had the exclusive right to use, and did not make any such imitation or simulation; and that such imprint, as used by the defendants, was not intended or calculated to deceive purchasers of said pictures, or to cause them to believe that said pictures were made by or came from the plaintiffs. Nothing is disclosed as to the process whereby such pictures are made by the defendant, except that it is stated to be one whereby a print or type is made by the action of the sun's light.

The "statement" filed in the patent office by the plaintiffs, under the 77th section of the act of July 8, 1870 (16 Stat. 210), as a basis for their claim to a trade-mark, is in these words: "Specification of a trade-mark used by the firm of James R. Osgood & Co., of Boston, Massachusetts. Our trade-mark consists of the word 'Heliotype,' either alone or combined with some suitable ornamentation, in connection with the production and publication of prints. We have generally used the word alone, as shown in the accompanying drawing. This trade-mark we have used in our business since October, 1872. The particular article of trade upon which we have used it is the 'prints' which we designate as 'Heliotype.' We may also print our trade-mark, to wit, the word 'Heliotype' upon the outside of packages of such prints, and also upon cards or circulars advertising the same."

The 77th section of the act provides, that any firm domiciled in the United States, and who are entitled to the exclusive use of any lawful trade-mark, may obtain protection therefor by complying with certain specified requirements, one of which is, that they must record in the patent office a statement, under oath, setting forth "the class of merchandise, and the particular description of goods comprised in such class, by which the trade-mark has been, or is intended to be, appropriated," and, also, "a description of the trade-mark itself, with fac similes thereof, and the mode in which it has been, or is intended to be, applied and used."

The statement filed and recorded by the plaintiffs, as a compliance with these provisions, sets forth, as "the class of merchandise," "prints" which are capable of "publication." It further sets forth, as "the particular description of goods comprised in such class," by which the trade-mark, namely, the word "Heliotype," has been appropriated, the prints which the plaintiffs designate as "Heliotype," that being what is meant by the statement, when it says that "the particular article of trade" upon which the plaintiffs have used the trade-mark is the prints which they designate as "Heliotype." It further sets forth, as the mode in which the trade-mark "has been, or is intended to be, applied and used," that they have used it on the prints which they designate as "Heliotype," and that they may also print it on the outside of packages of such prints, and also upon cards or circulars advertising the same.

The 78th section of the act provides, that a trade-mark for which protection is obtained by a compliance with the requirements of the 77th section, shall, during the period that it remains in force, entitle the party registering it "to the exclusive use thereof, so far as regards the description of goods to which it is appropriated in the statement filed under oath," and that "no other person shall lawfully use the same trade-mark, or substantially the same, or so nearly resembling it as to be calculated to deceive, upon substantially the same description of goods." The 79th section provides, that, if any person "shall reproduce, counterfeit, copy or imitate any such recorded trade-mark, and affix the same to goods of substantially the same descriptive properties and qualities as those referred to in the registration," he shall be liable to an action for damages, and "the party aggrieved shall also have his remedy according to the course of equity, to enjoin the wrongful use of his trade-mark, and to recover compensation therefor."

It is apparent, that the protection given by the statute is to the exclusive use of the trade-mark only so far as regards the particular description of goods set forth in the filed statement as the particular description of goods to or by which the trade-mark has been, or is intended to be, appropriated; that the inhibition of the statute is only against the use of substantially the same trade-mark or substantially the same particular description of goods; and that the wrongful use

which may be enjoined is only the affixing, by another, of substantially the same trade-mark to goods of substantially the same descriptive properties and qualities as those set forth in the filed statement as the particular description of goods by which the trade-mark has been, or is intended to be, appropriated.

The only reasonable construction of the language of the filed statement in the present case is, that the plaintiffs mean, that the word "Heliotype," as a trade-mark, has been, and is intended to be, appropriated by them, only to the prints which they designate as "Heliotype." What those prints are appears by the bill and other papers. They are prints produced by the Edwards patented process, and only such prints. Such prints are the only particular description of goods named in the statement, as that on which the plaintiffs have used the word "Heliotype" as a trade-mark, and to which they have appropriated it, or intended to appropriate it, as a trade-mark. "Prints" are named as the class of merchandise. The prints designated as "Heliotype" by the plaintiffs, are "the particular description of goods comprised in such class." And such is the purport of the bill. It avers, that Edwards invented the name "Heliotype," and applied it to his process, and printed it on impressions printed by his process, and used it as a trade-mark in the business and practice of his patented inventions; and that the plaintiffs, desiring to designate the practice of the said inventions in the United States by the same name as that by which it is known and practiced in England, registered the word "Heliotype" in the patent office, according to the statute.

Inasmuch, therefore, as the defendant is not shown to have used the word "Heliotype" in connection with prints which are substantially the same description of goods as the prints which the plaintiffs designate as "Heliotype," or with prints which have substantially the same descriptive properties and qualities as those which the filed statement refers to as the prints which the plaintiffs designate as "Heliotype," the plaintiffs are not entitled to the relief asked, by reason of any right acquired under the statutory registration set forth in the bill.

The 83d section of the act declares, that nothing in the act shall prevent, lessen, impeach or avoid any remedy at law or in equity, which any party aggrieved by any wrongful use of any trade-mark might have had if the act had not been passed. As the fact probably is, that the plaintiffs are citizens of Massachusetts, and the defendant is a citizen of New York, although the bill does not so specifically aver, the bill could, doubtless, be amended so as to give to this court jurisdiction to administer the proper remedies in equity in behalf of the plaintiffs, to which they may be entitled by reason of any wrongful use of a trade-mark which they may have the right to use independently of any statutory registration. The bill, however, is not framed in view of any such case. It does not set forth any title in the plaintiffs to any trade-mark. It avers that Edwards invented and used the word "Heliotype," as a trade-mark. It does not aver that he ever assigned to the plaintiffs any right to use it as a trade-mark. It does not aver that the plaintiffs have ever used it as a trade-mark. Nor is there any evidence that the use, by the defendant, of words indicating that the prints he produces are made by "Rockwood's photo-engraving (heliotype) process," are calculated to mislead purchasers, and to cause them to believe that they are purchasing prints made by the Edwards process, or that the defendant, in so doing, intends to deceive, or is deceiving, the public, or intends to injure, or is injuring the plaintiffs.

The motion for an injunction is denied.